My name is Archibald Cunningham. I'm appearing on behalf of Ron Pierce and the class regarding the vexatious litigant statute. So our challenge is to the constitutionality of the vexatious litigant statute. We have no intention to try to overturn the entire vexatious litigant statute, but our challenge is in the context of custody cases. And in that sense, we think this case stands. Why is the Chief Justice a proper defendant in this case? Well, one of the issues is when you attack the constitutionality of a statute, who's a party? So I think there's a Ninth Circuit case saying that you have to have state actions. So if we didn't name her as a proper defendant, we would have had to. Well, you may have no one as a proper defendant. I'm just wondering what the theory is of having the Chief Justice of California as the defendant in this case. Strictly to have a judicial defendant and to avoid these Well, you can't just name somebody. You can't just pick a name out of a hat. There's got to be a reason. There's got to be somebody. This has to be somebody that's causing you harm or that can grant you relief. Well I mean, as I understand it, you and your clients get put on this list by meeting certain criteria. The putting on the list is by judicial order issued by a court, usually a superior court in California, right? Yes. I mean, I just want to make sure I'm on the right track here, right? And what puts you on the list is an order of the court, which is then appealable through the judicial system all the way to the California Supreme Court, presumably. But what does the Well, the judicial What does the Judicial Council have to do with any of this? Well, the Chief Justice is in charge of the Judicial Council. I understand. And under the state constitution, she What is her function in this process? Well, one of her functions is to create forms. She creates forms. So after you're labeled a vexatious, the state has Judicial Council forms issued. Those are controlled by the Chief Justice and the commission in her capacity as the head of the Commission on Judicial Performance. She creates the forms that regulate how a vexatious litigant obtains permission to file after being declared vexatious. So there's something called an MC-702 form, which is a one-page form which essentially has three boxes on it, which gives the presiding judge or the presiding justice the opportunity to check one of those two boxes. The third box allows for dialogue explaining why somebody who's been declared vexatious may or may not file in the district. But you don't need the form to have somebody put on a declared vexatious litigant. There's a statute that says it. I mean, a form is just a convenience. It's a shorthand way of letting the judge make a decision, but the judge could just as easily enter an order, you know, a textual order saying Ron Pierce or Archibald Cunningham is a vexatious litigant, and then you'd be a vexatious litigant and you'd have to deal with the consequences, right? Right. I believe I was responding to your question about why the chief justice was named as a defendant, and so I was just asking. But, counsel, I'm not sure you hit it. If I could just spend one more minute on this, because my problem with this is how is she supposed to grant relief? How is the chief justice supposed to prevent superior court judges from declaring a litigant a vexatious litigant? Because I don't think the form is the problem. It seems to me the question is that there's a statute that provides for that type of a declaration by a superior court judge, and I don't see how the chief justice could prevent enforcement of that statute. Sure. Again, you know, our challenge is a constitutional challenge to the statute. In terms of the parties listed, I'm not sure if that's necessarily the issue either. We did ask for injunctive relief, you know, for the district court to declare that the... The problem is in order to get any kind of relief, you've got to have a party that has the power to, you know, if compelled to do something, that will grant you relief. You also, under RZA v. Good, you've got to have a wrongdoing party. It's a longstanding case. Right. You know, what has the chief justice done that has done you and your clients wrong? Right. So what you're saying is that there is an Article III case in controversy with the chief justice. The issue that we have in filing this is challenging the statute. To get around the procedural hurdle of a proper defendant, judicial defendant, we could have conceivably sued all the private parties and then had the issue of how those private parties are engaged in State action. So in order to avoid that, we sued her in her official capacity as the chair of the chief. You could name the judges that entered the specific orders, but then you back yourself into a Rooker-Feldman problem. Well, the Rooker-Feldman problem... If you name the judges who put you on the list, I'm not sure you don't have a Rooker-Feldman problem anyway. Because essentially what you're doing is you're attacking these orders. I mean, not the form, but the fact that judges have entered orders. Name your clients. I think, yeah, I understand. I think in the Ninth Circuit case of Wolfe v. Strankman, that issue came up as well. And the Court said and dismissed all the judicial defendants who were named. But they said that you could sue the chief justice as a party to maintain the action. And then also in that case, they raised the issue of whether or not a judge is acting in a judicial capacity when they issue pre-filing orders. They didn't resolve it on that, but they did then get to the issue that I'm trying to get to, which is the constitutionality of the vexatious litigant statute. In Wolfe v. Strankman, they allowed a suit against the chief justice. At that time, it was Chief Justice George of the California Supreme Court in their official capacity. And then in George v. Wolfe, they went on to discuss the issue of whether or not the challenge, the constitutional challenge, should be done on a rational review basis or whether it should be done on a heightened scrutiny. And in Wolfe v. George, the Ninth Circuit decided that rational review was the proper level of review. Why are we bound by that, now that it's skipping forward to the merits? Why are we bound to say, well, this is rational basis review and we've already held it? It's rational. Well, I think the general rule is that in pre-filing fee cases, rational review is the typical measure of review. What we've said and what we're trying to say in our case is that this is distinguishable from Wolfe v. George because it involves, like Bodie v. Connecticut, it involves those Bodie factors. One, a fundamental interest in the care, companionship and custody of a child. And two, the State has a monopoly on the means that one resolves a custody dispute. So I think that squarely comes within that Bodie v. Connecticut rubric. But Bodie involved the payment of a fee that, as I understand, the party couldn't afford. So you had a constitutional right to get the divorce. Right. You couldn't pay the fee. But there's nothing like that here. Yes, well. You just have to file another piece of paper justifying getting permission. Well, if I could riff on the Bodie v. Connecticut case, that involved a couple that was seeking a divorce. If one of those individuals, the husband or wife, had been declared vexatious, they first would have had to get permission to ask for a dissolution. Right. So you see the situation that we're in. The difference is they, as I understand Bodie, they didn't have the money to pay the fee. So there was no way they could get into court, whereas this is just a requirement that you file another piece of paper. How are they analogous? They're analogous in the sense that under the State's Supreme Court case, Chillon v. Connecticut said that a person who's represented is shielded from the vexatious litigant statute. So in other words, if those two parents or two individuals in Bodie didn't have the money to pay an attorney, they would have been subject to the vexatious litigant statute. What's particularly insidious about the vexatious litigant statute is that it indirectly is a fee-filing case. If one can't afford $350 an hour to pay an attorney, they're essentially S.O.L. They are a target and subject to the vexatious litigant statute. In a custody case, 85- I don't think you've answered my question. Okay. They can get a lawyer. That's another way they can get out of it. Right. But the other way is to just file a piece of paper. We know they know how to file because they filed all these other cases per se, so it's not like they don't know how to write English or file a pleading. So this is not a class of illiterates. These are people who know how to file papers. And this just says, okay, you are so fond of filing papers, file one more piece of paper. What's the problem there? This is not like Bodie where they can't afford the fee. Right. This is something you and your clients can easily do. Right. Well, and our clients have done that. I was declared vexatious not once but twice, sanctioned $22,000 the first time, $33,000 the second time. Every time I've filled out the MC-702 form after my parental rights were terminated, every one of those has been denied, summarily denied. You have not shown changed circumstances. So I haven't seen my daughter in six years. I can submit again and again and again, and I have. I could show you, and in the record you probably will find dozens of requests, and by my attorney. I've hired an attorney. She had to file the form and was also denied permission for a hearing. So in other words, if that initial custody ruling or visitation ruling, judicial determination were wrong, and you're declared vexatious, you're essentially locked out of court. Routinely and statistically, everyone is denied permission after they've been declared vexatious. That's just the way it's played. Even now, after Girardi saying that one is shielded from the vexatious litigant statute, if they're represented, you're still, you may be allowed in court, but now they use another method to keep you from having a hearing under the case resolution program. So once a parent is declared vexatious, they're essentially locked out of court unless they can afford an attorney. But even with the way it's interpreted, the vexatious litigant statute is interpreted and applied, it's invariably applied even against attorneys. So even if you're represented, you're denied permission and access to the court. If the vexatious litigant statute were as simple as a straight-on, straightforward fee case, you'd be able to see the issue. But when a parent cannot afford $350 an hour to pay an attorney, then they have to file a form, and they're denied permission to get into court. So in that sense, it is a fee-filing case. Okay. Thank you. You're over your time. Let's hear from the other side. May it please the Court, Patty Lee for Defendants, the Chief Justice, and the Administrative Director of the Courts. The Court should affirm the district court found that the claims against the Administrative Director are barred by sovereign immunity, and plaintiffs did not challenge that ruling on appeal. So you're here representing the Chief Justice? Yes. And the claims against the Chief Justice also fail because of sovereign immunity. As the panel was discussing, the Chief Justice does not have a connection to the enforcement of the statute. What about Wolf v. Strankman? The Wolf v. Strankman case from 2004 determined, as you were alluding to, that the Chief Justice at that point were not barred by sovereign immunity. But in making that determination, the panel's analysis was incomplete. It simply looked at whether the relief sought was prospective and whether the Chief Justice had been sued in his official capacity. It did not at all engage in the analysis about whether there was the required connection to enforcement, which is a key part of the analysis. Ex parte Young is... Your Honor, I have a nine-second opinion. We're bound by it. You're bound by... Go down the hall and complain to Judge Fletcher. That opinion, as I have mentioned, did not engage in the full analysis. But, Counsel, Judge Kuczynski is asking you to speak to a different point, and it's my question as well. We're bound by it. So are you asking us to suggest to our colleagues that we should take this en banc, or why wouldn't we be bound by it? I'm suggesting that you're not bound by it because it did not address the legal issue here, which is whether the Chief Justice had a direct connection to enforcement of the statute. And why wasn't that at issue in Strankman? I don't know why that was not addressed in the panel's... Okay. But I asked a slightly different question. I asked why wasn't that at issue. It may not have been addressed by the panel, but it doesn't mean that it wasn't a part of the analysis. In other words, we may have come to a conclusion, we may have jumped a step someplace in there, but we've got a panel that's come to a conclusion that the Chief Justice can be sued in his capacity as the administrator. Under this statute. So how do we decide that he doesn't get to be sued as an administrator without going into conflict with our prior decision? I don't believe the decision would conflict, because a decision by this panel finding that the Chief Justice does not have the required direct connection to enforcement would not conflict with a finding, with the finding of the Wolf v. Strankman opinion, because it simply wasn't addressed there. So what is it that the Chief Justice, why is the Chief Justice not subject to the suit here? Because as it is alleged in the complaint, the only thing alleged in the complaint regarding the Chief Justice is that she's the chair of the Judicial Council and that the Judicial Council has a responsibility to adopt rules and procedures that are consistent with the Constitution. Does the Judicial Council maintain lists? The Judicial Council maintains a list of litigants who have been, against whom pre-filing orders have been entered. Does it have the authority to take people off that list? Judges can enter an order rescinding the pre-filing order and then. Can the Judicial Council? No, the Judicial Council cannot act independently to remove anyone from the list. It is the ministerial responsibility. It is the purely ministerial administrative responsibility. If they were to issue an order to the Chief Justice to remove certain names from that list, would the Chief Justice follow our order? I don't know that the Chief Justice could follow that order without it being in conflict with what the statute requires. If they're maintaining the list, can't they just take somebody off the list? If something is found unconstitutional. It may be administratively possible for the Chief Justice to direct someone, that someone's name be removed from the list, but it would not be in conformance with the statute. So if it were part of a ruling that the statute were unconstitutional, then that may all work as a practical matter.  I would say that the best position is that it would not be appropriate because the Chief Justice is not really – has no connection to the actual enforcement of the statute. What if we decide we're bound by Strankman? Could you go to the merits? Yes. If the panel decides that it is bound by Strankman, the claims are still barred because the statute survives rational basis review. Why is it rational basis review given? His argument is that this is a parental right, that there are Supreme Court cases acknowledging that that's entitled to heightened scrutiny. Yes. The default rule in terms of pre-filing requirements for civil litigation are that those requirements receive rational basis review. There have been limited exceptions made in which heightened scrutiny has been applied in the family law context, but those exceptions are for very specific circumstances in the Bodie case for filing for divorce and in the MLB case for appealing the termination of parental rights. And those are the only two instances in which the Supreme Court has found that some form of heightened scrutiny can apply. I think that your brief argues that this is, in this circumstance, because it's not a bar to the courthouse doors, that the right at issue is being infringed less significantly. But why isn't the right itself entitled to heightened scrutiny? We're talking about the parent-child relationship, and the Supreme Court has certainly acknowledged that that's entitled to heightened scrutiny. Right. It's true that things governing the parent-child relationship are certainly protected by the Constitution. However, there's no guarantee of unrestricted access to the courts for the purpose. That's a different point. But Troxell refers to this as a fundamental right, doesn't it? Yes. But in this instance, the litigants, any litigants subject to the statute still has access to the courts in order to try to vindicate those rights. Right. And that's what I was just speaking to. It seems to me your argument is that the right at issue is being infringed less significantly, and I think much less significantly, since there's still an ability to go in and file. Yes. And that is certainly an important factor under the cases. In Bodie, there was no ability to file if you didn't pay the fee. And in MLB, there was no ability to pursue an appeal if you didn't pay the record preparation fee. So in both those instances, there was simply no way around it if you couldn't afford. Does this statute survive heightened scrutiny if we decide heightened scrutiny is appropriate? Yes. The statute would survive heightened scrutiny because it is narrowly tailored, and there have been various California State courts' decisions finding that it is narrowly tailored. The statute does not apply across the board to all pro se litigants. It only applies to litigants who have previously been determined to have abused the court system in some manner. And as was discussed previously, it is possible for a litigant to still file cases even after they've been put on this list. They can — they just need to make a showing that the case has some merit and has not been filed for the purposes of harassment. Opposing counsel seems to claim that this is — never happens, that effectively this is a bar. That seems to be his claim. The standard is not a high one. It is the same type of standard that would be applied once the case made it into the courtroom and had been briefed by both sides and argued. So it is — Is that the significant change of circumstances standard necessary to change custody? Is that the standard you're speaking to?  I'm speaking more generally about the threshold determination that the judge must make about whether to allow newly proposed litigation to proceed. Right. But is it the same — if it's the same standard, I understood opposing counsel to say he was denied because he hadn't shown a significant change in circumstances. Yes. So in evaluating whether the case has merit, the judge would look at whether there is any showing of a change in circumstances. So that's the same standard for the change of custody or visitation, isn't it? Yes, it is the same standard. Okay. So the access is still preserved. It is not — it is not something that applies wholesale to all pro se litigants. As I was saying, it applies only to those who have been previously determined by a judge to have abused their access to the judicial system and used it to harass others. And the showing that needs to be made in order to receive permission to file is very similar to the same showing that would need to be made in order for the litigation to proceed. And so for those reasons, we think the statute is narrowly tailored, and it certainly serves the compelling interest in safeguarding against abuse of the court system and the use of the court system to harass others or to repeatedly relitigate claims that have already been decided. Okay. Thank you. Thank you. We're over your time. Would you like to take a minute or a bubble? Yes, I would. You know, in terms of the Wolfe v. Strankman case, again, we're making a general challenge. We're not, you know, we sued the chief justice because we're not making a de facto collective appeal. We're making a general challenge to the vexatious litigant statute. Again, we don't believe it's narrowly tailored because all the parents who are declared vexatious then have to go through the hurdle or the bar of filling out these forms. And as experience has shown all of us, once you're declared vexatious, you're essentially denied any access to the court, irrespective of an ongoing custody dispute. A civil case is very different. Custody cases and visitation matters can go on for years and years and years. It's not that these parents are being vexatious. It's not that they're harassing people. To say that a parent who wants to restore visitation or custody is harassing by means of a civil litigant would be vindictive, and it seems to fail to distinguish between a civil litigant and a parent in a custody case, half of whom were not even the ones who initiated the dissolution proceeding, half of whom were drawn into court. And under the statute, it says they had to have done quite a bit on their own to have gotten on the list. Right. So it's not like, you know, they were constantly being sued and here I am showing up again. Right. But I'm just saying in a custody dispute, if a parent is represented, they are protected from the vexatious litigant statute. Those repeated filings for visitation aren't counted as vexatious because they're represented. On the other hand, an unrepresented parent who has neither the knowledge or the ability files these, and then the represented parent can say, hey, all these repeated efforts to restore visitation, and those are counted as vexatious. While they're not counted against the statute. How many strikes do they need to get on the list? How many strikes? How many cases? What does it take to get on the list? Well, five litigations within a 7-year period. The problem is in a civil suit. Excuse me. Does that mean, forgive me, but five litigations, does that mean five motions to modify within a 7-year period or what's? Well, you know, that's a good question. Under Section 371D, after you've been declared vexatious, then any motion you file is considered litigation. Okay. But my question is, and I think Judge Kuczynski was asking, what's it take to get on the list? Well, in Section, well, repeated, they use the word repeated motions, which is the way I think most parents are involved in that, because they request, you know, changes in visitation or changes in custody. What about child support? What about repeated motions for child support? Does that count? Those would be counted as vexatious. Alimony charges, vexatious. What happens is eventually in a parent dispute with custody, which goes on for two or three years, even the represented parent who will lose two or three or four would be considered vexatious. But that parent, because they're represented, is shielded from a vexatious litigant motion by the fact of representation. The unrepresented parent who filed just as many could be declared vexatious. So there's an equal protection aspect to this as well. Privilege is immunity. Represented parent is immune from being declared vexatious. A represented parent is also, has the privilege of bringing a vexatious litigant motion against the unrepresented parent. So the unrepresented parent who can't afford an attorney, Justice Zeland, who is chair of the Elkins Task Force, a big case that came down, she noted in her Elkins Task Force recommendations that money should be made available so a parent won't be a target, an unrepresented parent won't be a target of a vexatious litigant motion. Unfortunately, there aren't funds, and in the statute that she provided, there were limited funds for that. So that's what's at issue here. In the sense you don't have the money to hire an attorney, this case functions as a pre-filing case. It entails the Bode factors, fundamental interest in custody, and the State monopolization      of federal stance of limits.
judges: Kozinski, Bybee, Christen